UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN VAN STEENBERGH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED NATURAL FOODS, INC.,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, John Van Steenbergh ("Plaintiff" or "Mr. Van Steenbergh"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant United Natural Foods, Inc. ("Defendant" or "UNFI"), showing the following:

### I. NATURE OF COMPLAINT

1.  Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of his rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and 42 U.S.C. Section § 1981 ("Section 1981").

### II. PARTIES

2.  Plaintiff is a resident of the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

3. Defendant is a Foreign Profit Corporation with principal offices in Rhode Island and registered under the laws of Delaware.

4. Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, ℅ Corporation Service System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

5. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of Title VII.

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts II and III of this Complaint, which arise out of Section 1981.

8. The majority of the events plead herein occurred in Atlanta, Georgia.

9. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Atlanta Division of the Northern District of Georgia.

10. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights, Ex. 1*.

11. This action has been timely commenced.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

13. Defendant is now, and at all times relevant hereto has been, an employer subject to Title VII and Section 1981.

14. UNFI is a wholesale distributor of organic, natural, and specialty food and non-food products.

15. UNFI operates distribution centers throughout the United States.

16. Plaintiff worked at Defendant's Atlanta Distribution Center, 100 Lakeview Court SW, Atlanta, GA 30336

17. Plaintiff was employed by UNFI from November 2017 until his termination on January 24, 2023.

18. Plaintiff is Caucasian.

19. Plaintiff is male.

20. During all times relevant to his claims, Defendant was aware of Mr. Van Steenbergh's race.

21. In January 2023, Plaintiff was employed with UNFI as Director of Operations.

22. At that time, Plaintiff was also serving as Acting General Manager.

23. On January 16, 2023, Plaintiff was approached by a subordinate employee, Mr. Wayne Farmer, Grocery Selector for Defendant.

24. Mr. Farmer is African American.

25. Mr. Farmer requested permission from Plaintiff to play Martin Luther King, Jr.'s "I Have A Dream" speech through warehouse intercom speakers and televisions.

26. Mr. Farmer had already requested permission from his direct supervisor, Mr. Benjamin Bailey, Operations Manager.

27. Mr. Bailey is African American.

28. Mr. Farmer brought his request to Plaintiff after Mr. Bailey rejected Mr. Farmer's request due to safety concerns: specifically, that the warehouse intercoms were utilized for safety-related announcements.

29. Plaintiff similarly denied Mr. Farmer's request and reiterated the safety concerns his request entailed as reasoning.

30. Plaintiff offered Mr. Farmer alternative options to accomplish his goals, including utilizing the break room's audio-visual equipment to play the speech, which would not compromise safety.

31. Mr. Farmer rejected the offered alternative.

32. Mr. Farmer thereafter refused to return to work.

33. Based on this refusal, Plaintiff gave Mr. Farmer a direct order to return to work.

34. Mr. Farmer remained insubordinate and refused to return to work.

35. As Plaintiff would have with any employee acting insubordinately and

refusing to perform their job duties, Plaintiff advised Mr. Farmer that his employment was terminated.

36. Plaintiff informed Human Resources of the termination and escorted Mr. Farmer out of the building, a practice common when terminating employees.

37. Mr. Farmer raised his voice and yelled obscenities on his way out in the presence of several employees.

38. Mr. Farmer also demanded that Plaintiff "stop following [him]."

39. On January 19, 2023, Plaintiff was approached by Ms. Tasha Joyce, Defendant Human Resources Business Partner.

40. Ms. Joyce is African American.

41. Ms. Joyce advised Plaintiff that Mr. Farmer had posted several videos on YouTube about his termination but that she had not yet seen the videos herself.

42. Ms. Joyce did not indicate that Plaintiff's employment status was in jeopardy or that he had taken actions contrary to Defendant's policies.

43. Plaintiff worked remotely on Friday, January 20, 2023, as was standard practice for him on Fridays.

44. Upon Plaintiff's return to office on January 23, 2023, he was invited to a Teams call with Mr. Randall Benjamin (HR Director) and Mr. Derrick Thomas (Senior Vice President).

45. Mr. Benjamin is Caucasian.

46. Mr. Thomas is African American.

47. In the meeting, Plaintiff was questioned about his interactions with Mr. Farmer.

48. Plaintiff reiterated the reasons he rejected Mr. Farmer's request, the alternatives he offered Mr. Farmer, and Mr. Farmer's subsequent insubordination and refusal to return to work.

49. Mr. Thomas told Plaintiff he should have "been compassionate" about the situation.

50. When Plaintiff asked what he should have done differently, Mr. Thomas had no solution available.

51. Instead, Mr. Thomas stated only that Plaintiff needed to understand that Martin Luther King, Jr. Day was a "very serious" holiday and suspended Plaintiff's employment.

52. The following morning, January 24, 2023, Plaintiff was terminated from his employment because he exhibited "values inconsistent with UNFI."

53. Upon information and belief, Defendant thereafter rehired Mr. Farmer, despite his YouTube posts also being contrary to UNFI values.

54. Mr. Bailey, who similarly rejected Mr. Farmer's request to play the speech on warehouse intercoms, was not similarly reprimanded or terminated.

55. Following his termination, Plaintiff was advised by Defendant that he should

not have terminated Mr. Farmer for being insubordinate, despite that being the next appropriate disciplinary step for an insubordinate employee, thereby requesting that Plaintiff unevenly apply company policy based on the employee's race.

56. Plaintiff filed a claim against Defendant with the Equal Employment Opportunity Commission ("EEOC") on April 27, 2023 Charge Number 410-2023-07684.

57. Plaintiff received his Dismissal and Notice Rights from the EEOC dated April 5, 2024.

## V. CLAIMS FOR RELIEF

### COUNT I: TITLE VII RACE DISCRIMINATION

58. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

59. Plaintiff is a member of a protected class by virtue of his race, of which the company was aware.

60. After Plaintiff rejected a request by a subordinate employee for safety reasons, Plaintiff was questioned at length and accused of not handling the matter appropriately.

61. Despite another member of management similarly rejecting that employee's request (Mr. Benjamin Bailey, African American), only Plaintiff was chastised for his handling of the incident.

62. Only Plaintiff was advised that he should have handled the request more delicately; no such instruction was communicated to Mr. Bailey.

63. Following the requesting employee becoming insubordinate and refusing multiple orders to return to work, Plaintiff followed standard protocol by terminating his employment and escorting him from the building.

64. Plaintiff was advised that he should not have taken that action based on the request of the employee and his race, effectively demanding that he apply disciplinary measures unevenly among employees.

65. Defendant claimed that Plaintiff's termination was based on Plaintiff's handling of the January 18 request, but no similar disciplinary action was taken concerning Mr. Bailey's similar handling.

66. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

67. Defendant's asserted business reason for Plaintiff's termination is pretextual.

68. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery pursuant to Title VII.

## COUNT II: SECTION 1981 RACE DISCRIMINATION

69. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

70. Plaintiff is a member of a protected class by virtue of his race, of which the

company was aware.

71. After Plaintiff rejected a request by a subordinate employee for safety reasons, Plaintiff was questioned at length and accused of not handling the matter appropriately.

72. Despite another member of management similarly rejecting that employee's request (Mr. Benjamin Bailey, African American), only Plaintiff was chastised for his handling of the incident.

73. Only Plaintiff was advised that he should have handled the request more delicately; no such instruction was communicated to Mr. Bailey.

74. Following the requesting employee becoming insubordinate and refusing multiple orders to return to work, Plaintiff followed standard protocol by terminating his employment and escorting him from the building.

75. Plaintiff was advised that he should not have taken that action based on the request of the employee and his race, effectively demanding that he apply disciplinary measures unevenly among employees.

76. Defendant claimed that Plaintiff's termination was based on Plaintiff's handling of the January 18 request, but no similar disciplinary action was taken concerning Mr. Bailey's similar handling.

77. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

78. Defendant's asserted business reason for Plaintiff's termination is pretextual.

79. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery pursuant to Section 1981.

## COUNT III: ATTORNEY FEES AND COSTS

80. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

81. As Defendant violated Plaintiff's rights protected by 42 U.S.C. §1981, Plaintiff is entitled to recover his attorney's fees and expenses as provided by 42 U.S.C §1988 and other relevant federal statutes.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual, compensatory, and liquidated damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages;

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper;

f. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

g. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

h. Any other relief this Court deems proper and just.

Respectfully submitted this 5th day of July, 2024.

                                        THE KIRBY G. SMITH LAW FIRM, LLC

                                        <u>s/Rachel B. Canfield</u>
                                        Rachel B. Canfield
                                        Georgia Bar No. 488716
                                        Kirby G. Smith
                                        Georgia Bar No. 250119
                                        Attorney for Plaintiff

4488 North Shallowford Road, Suite 105
Atlanta, Georgia 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 5th day of July, 2024.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Rachel B. Canfield
        Rachel B. Canfield
        Georgia Bar No. 488716
        Attorney for Plaintiff